UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-03071-CAS(Ex) | Date | August 11, 2016 |
|---|---|---|---|
| Title | GENTILLE BARKHORDAR, ET AL. V. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION, ET AL. | | |

Present: The Honorable          CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO JOIN NEVA NEUMAN AS A NECESSARY PARTY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(7) (Dkt. 12, filed July 1, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of August 15, 2016, is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION

On May 4, 2016, plaintiffs Gentille Barkhordar and Danny Farshadfar (collectively, "plaintiffs") initiated this action against defendants Century Park Place Condominium ("CPP") and Management Professionals (collectively, "defendants"). Dkt. 1. In brief, plaintiffs allege that CPP, a residential condominium association, and Management Professionals, a private company that provides property management services to CPP, have discriminated against plaintiffs due to their familial status. More specifically, plaintiffs claim that defendants' actions have created an "atmosphere of hostility for families with minor children." Compl. ¶ 65. The complaint alleges claims against defendants for (1) violation of the Fair Housing Act, 42 U.S.C. § 3601; (2) violation of the California Fair Housing and Employment Act, Cal. Gov't Code § 17200; (3) violation of the Unruh Civil Rights Act, Cal Civ. Code § 51; and (4) negligence.

On July 1, 2016, defendants filed the instant motion to dismiss for failure to join a necessary party pursuant to Federal Rule of Civil Procedure 12(b)(7). Dkt. 12. On July

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-03071-CAS(Ex) | Date | August 11, 2016 |
|---|---|---|---|
| Title | GENTILLE BARKHORDAR, ET AL. V. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION, ET AL. | | |

12, 2016, plaintiffs filed an opposition, Dkt. 14, and on July 25, 2016, defendants filed a reply.  Dkt. 15.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiffs Gentille Barkhordar and Danny Farshadfar are joint owners of a condominium unit at CPP.  Compl. ¶ 6-7.  Plaintiffs are married and have two minor children.  Id.  Plaintiffs' complaint states that defendants have engaged in and continue to exhibit discriminatory behavior towards plaintiffs and their two children.  First, plaintiffs allege that defendants have posted discriminatory signage throughout CPP's premises, which restricts or prohibits the activities and behaviors of children.  Id. ¶ 18.  Second, plaintiffs assert that "CPP's Rules and Regulations . . . specifically target families with minor children and limit or prohibit their full and equal use of the development."  Id. ¶ 19.  Third, plaintiffs allege that they continue to be harassed by defendants' employees, agents, and staff.

In particular, plaintiffs assert that their downstairs neighbor, attorney Neva Neuman ("Neuman"), has repeatedly contacted defendants' management to complain about the alleged noise caused by plaintiffs' children.  Although plaintiffs state that they received "write ups" and verbal warnings following Neuman's complaints, they claim that defendants failed to similarly reprimand Neuman when plaintiffs notified them of her disruptive actions.  Id.  ¶ 23.  Plaintiffs allege that, among other things, Neuman  has yelled obscenities out of her window at plaintiffs' children while they are playing and, on one occasion, threw a stack of legal papers at plaintiffs' son.  Id. ¶¶ 17, 44.   Despite Neuman's alleged physical and verbal aggression, plaintiffs contend that defendants have not taken any mitigating steps.  Plaintiffs state that instead, defendants helped distribute a discriminatory letter prepared by Neuman to all of CPP's residents.  The letter allegedly contained a "four-page rambling diatribe" accusing plaintiffs and their children of engaging in nuisance-like behavior.  Id. ¶ 47.  Plaintiffs further state that defendants have not only failed to take reasonable steps to protect plaintiffs from harassment and discrimination, but have also emboldened residents, management, and security guards to take discriminatory actions against families with children.  Opp'n at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | August 11, 2016 |
| Title | GENTILLE BARKHORDAR, ET AL. V. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION, ET AL. | | |

Defendants now move to dismiss plaintiffs' complaint for failure to join Neuman, a nonparty, in this action. Defendants contend that Neuman is a "necessary party" that must be joined under Rule 19, or alternatively, permissibly joined under Rule 20.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) permits a Court to dismiss an action for failure to join a party whose presence is needed for just adjudication under Federal Rule of Civil Procedure 19; see Confederated Tribes of Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1498 (9th Cir. 1991). In order to grant a dismissal on such grounds, courts are to consider: (1) whether an absent party is necessary to the action under Rule 19(a); (2) whether it's feasible to order that the absent necessary party be joined; and (3) if both the absent party is necessary and joinder is infeasible, then courts must determine, under Rule 19(b), "whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." See E.E.O.C. v. Peabody Western Coal Co., 400 F.3d 774, 779–80 (9th Cir. 2005); Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 878 (9th Cir. 2004) (citations omitted).

The Ninth Circuit has held that a party may be "necessary" pursuant to Rule 19 in either of two ways. Las Vegas Events, 375 F.3d at 879. First, under Rule 19(a) (1), a party is necessary if complete relief cannot be granted in its absence. Id. "In conducting the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." Id. Alternatively, a party is necessary pursuant to Rule 19(a)(2), if the district court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." Id. at 880. Such a legally cognizable interest must be more than a financial stake in the outcome of the litigation. Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990). Finally, the moving party bears the burden of proving that joinder is necessary. Id. Once the court determines that a party should be joined, the court must determine whether joinder is feasible. Fed. R. Civ. P. 19(a)-(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-03071-CAS(Ex) | Date | August 11, 2016 |
|---|---|---|---|
| Title | GENTILLE BARKHORDAR, ET AL. V. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION, ET AL. | | |

"[T]here is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a) . . . The determination is heavily influenced by the facts and circumstances of each case." N. Alaska Envtl. Ctr. v. Hodel, 803 F.2d 466, 468 (9th Cir.1986); see also Washington v. Daley, 173 F.3d 1158, 1165 (9th Cir. 1999) ("A determination concerning joinder is a practical one and fact specific.") (citations omitted); Bakia v. Cty. of L.A., 687 F.2d 299, 301 (9th Cir. 1982) (concluding that whether or not a nonparty should be joined under Rule 19(a) requires a fact-specific analysis based on the particular circumstances of each case.).

If a necessary party cannot be joined, the court must consider the following factors in deciding whether to dismiss the action because the party is indispensable: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.   Fed. R. Civ. P. 19(b).

However, none of the aforementioned factors is dispositive.  Instead, in the context of a particular case, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC Corp., 464 F.3d 885, 891 (9th Cir. 2006).

## IV.   ANALYSIS

Defendants contends that plaintiffs' neighbor, Neuman, is a necessary party in this action.  More specifically, they note that plaintiffs' complaint is replete with allegations concerning the conduct of Neuman.  As such, defendants argue that the Court cannot fully decide the issues presented by this action unless Neuman is joined as a defendant.  Accordingly, defendants now move to dismiss plaintiff's complaint for failure to join a necessary party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | August 11, 2016 |
| Title | GENTILLE BARKHORDAR, ET AL. V. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION, ET AL. | | |

### A.      Rule 19

The Court may dismiss an action for failure to join a party where that party constitutes a "necessary" party pursuant to Federal Rule of Civil Procedure 19. Rule 19(a) sets forth two theories under which a party can be deemed a "necessary" party. The Court addresses each of the theories in turn.

First, pursuant to Rule 19(a)(1)(A), a party can be deemed a necessary party if, " in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Here, defendants note that the complaint contains numerous allegations that Neuman has harassed or otherwise discriminated against plaintiffs' children. Defendants argue that they have no "control over the actions, ranting, or comings and goings of Neuman." Mot., at 3. As such, defendants contend that, unless Neuman is joined as a party, any injunctive relief the Court might award against defendants will be ineffective in that it will not prevent Neuman from continuing to engage in the harassing and discriminatory conduct described in the complaint. However, this argument misunderstands the relief plaintiffs are seeking in this action. Plaintiff are not seeking an injunction to prevent Neuman's conduct. See Opp'n., at 6 ("Plaintiffs acknowledge that Defendants do not control the actions of Neuman. That is why plaintiffs are not asking for Defendants to prevent the actions of Neuman."). Rather, in this action plaintiffs have alleged that *defendants* through their own conduct have been negligent and have violated both federal and California housing laws. Plaintiffs alleges that defendants have enacted rules and regulations that discriminate against families with minor children. And plaintiffs allege that defendants have enforced even their non-discriminatory rules in a discriminatory manner. Furthermore, while the complaint does contain numerous allegations regarding the conduct of Neuman, that conduct is offered principally as an example of the manner in which defendants have shown preference towards households without minor children and have failed to apply their rules and regulations equally between plaintiffs (a household with minor children) and Neuman (a household without minor children). Finally, specifically with regard to plaintiffs' request for injunctive relief, plaintiffs request that the Court issue an injunction requiring defendants to: (1) eliminate all discriminatory signage posted throughout their condominium development; (2) revise any all of their discriminatory rules to comply with applicable law; (3) notify all residents that the former rules and regulations were unlawful and will no longer be enforced; and (4) educate defendants and their agents, members,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-03071-CAS(Ex) | Date | August 11, 2016 |
|---|---|---|---|
| Title | GENTILLE BARKHORDAR, ET AL. V. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION, ET AL. | | |

and/or employees in the requirements of federal and state fair housing laws. Each of these requests is directed solely towards defendants and their employees and can be accomplished regardless of whether Neuman is a party to this action. Accordingly, contrary to defendant's assertion, the Court can afford complete relief to plaintiffs irrespective of whether Neuman is joined in this lawsuit.[1]

Second, pursuant to Rule 19(a)(1)(B), an individual may be deemed a necessary party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). Here, defendants have not indicated that Neuman claims any "interest" relating to the subject of this action. As already stated, the focus of this lawsuit is the purportedly discriminatory and/or negligent conduct of defendants—not Neuman. Plaintiffs do not seek any damages from Neuman, nor do they seek to prohibit Neuman from engaging in any form of activity. Accordingly, it is unclear how the resolution of this action will affect any interest claimed by Neuman. See also Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983) (noting that joinder is "contingent . . . upon an initial requirement that the

---

[1] Moreover, while plaintiffs may have independent claims against Neuman based on her conduct, as is their right, they have elected not to bring those claims in this action. And, to the extent Neuman may be jointly responsible for some of the harms plaintiffs have suffered, the law is clear that simply because a party may be a joint tortfeasor does not make them a necessary party. See, e.g., Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); Lopez v. Federal Nat'l Mortg. Ass'n., 2013 WL 7098634, at *5 (C.D. Cal. Oct. 8, 2013) (Morrow, J.) ("Simply because a party may be jointly liable, however, does not render it a necessary party."); see also Union Paving Co. v. Downer Corp., 276 F.2d 468, 471 (9th Cir. 1960) (noting that "it is well established that a joint tort-feasor is not an indispensable party").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 2:16-cv-03071-CAS(Ex) | Date | August 11, 2016 |
|---|---|---|---|
| Title | GENTILLE BARKHORDAR, ET AL. V. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION, ET AL. | | |

absent party *claim* a legally protected interest relating to the subject matter of the action.") (emphasis added).[2]

Accordingly, defendants have failed to demonstrate that Neuman meets the definition of a "necessary" party under either of the provisions of Rule 19(a).

### B.    Rule 20

In the alternative, defendants contend that Neuman should be permissibly joined pursuant to Federal Rule of Civil Procedure 20.  Pursuant to Rule 20(a)(2), "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2). However, Rule 20 only governs *permissive* joinder and the decision whether to join a permissive defendant is left solely in the hands of plaintiffs.  Brum v. County of Merced, No. 1:12-cv-01636-AWI-KSO, 2013 WL 2404844 at *14 (E.D. Cal. May 31, 2013) ("Rule 20(a) is a rule by which plaintiffs decide who to join as parties and is not a means for defendants to structure the lawsuit."); see also Hefley v. Textron, Inc., 713 F.2d 1487, 1499 (10th Cir. 1983) ("[J]oinder of defendants under rule 20 is a right belonging to plaintiffs").  Accordingly, even assuming that Neuman could be joined in this action pursuant to Rule 20, that decision is left to the discretion of plaintiffs.  The failure to join Neuman as a permissive party is, therefore, not a valid grounds for dismissing this action.  See also Oculus Innovative Scis., Inc. v. Nofil Corp., 2007 WL 205068, *2–3 (N.D. Cal.

---

[2] In addition, defendants contend that resolution of this action without Neuman may expose them to multiple or inconsistent obligations.  However, defendants misread Rule 19.  Pursuant to Rule 19, an individual may be a necessary party if "that person claims an interest relating to the subject of the action ***and*** is so situated that disposing of the action in the person's absence may: . . . (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations ***because of the interest***."  Fed. R. Civ. P. 19(a)(1)(B)(ii).  Here, as already stated, plaintiffs have failed to demonstrate that Neuman claims an interest related to the subject of this action.  Accordingly, this subsection of Rule 19 is inapplicable in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | August 11, 2016 |
| Title | GENTILLE BARKHORDAR, ET AL. V. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION, ET AL. | | |

Jan.25, 2007) (Illston, J.) (denying a motion to join or dismiss for failure to join a party who was a "permissive" rather than "necessary" party).

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(7).
IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |