UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
AMENDED
CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
|---|---|---|---|
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Annette Morasch | Joan Lewis-Heard |

**Proceedings:** PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' COUNTERCLAIM (Dkt. 21, filed September 9, 2016)

PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES (Dkt. 29, filed September 9, 2016)

PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AGAINST DEFENDANT CENTURY PARK PLACE CONDOMINIUM ASSOCIATION (Dkt. 37, filed September 15, 2016)

## I.   INTRODUCTION

On May 4, 2016, plaintiffs Gentille Barkhordar and Danny Farshadfar (collectively, "plaintiffs") initiated this action against defendants Century Park Place Condominium Association ("CPP") and Management Professionals (collectively, "defendants"). Dkt. 1. In brief, plaintiffs allege that CPP, a residential condominium association, and Management Professionals, a private company that provides property management services to CPP, have discriminated against plaintiffs due to their familial status. More specifically, plaintiffs claim that defendants' actions have created an "atmosphere of hostility for families with minor children." Compl. ¶ 65. The complaint alleges claims against defendants for (1) violation of the Fair Housing Act, 42 U.S.C. § 3601; (2) violation of the California Fair Housing and Employment Act, Cal. Gov't Code § 17200; (3) violation of the Unruh Civil Rights Act, Cal Civ. Code § 51; and (4) negligence for failing to provide a property free from discrimination and for failing to prevent discrimination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
|---|---|---|---|
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

On July 1, 2016, defendants moved to dismiss plaintiffs' complaint for failure to join Neva Neuman, plaintiffs' downstairs neighbor and a nonparty, in this action. Dkt. 12. Defendants argued that Neuman is a "necessary party" that must be joined under Federal Rule of Civil Procedure 19, or alternatively, permissibly joined under Federal Rule of Civil Procedure Rule 20. Plaintiffs filed their opposition to defendants' motion to dismiss on July 12, 2016, dkt. 14, and defendants filed their reply on July 25, 2016, dkt. 15. Concluding that defendants failed to demonstrate that Neuman meets the definition of a "necessary" party under either Rule 19(a) and that failure to permissibly join Neuman under Rule 20 was not a valid grounds for dismissing the action, the Court denied defendants' motion to dismiss on August 4, 2016. Dkt. 17.

On August 26, 2016, defendants filed their answer to plaintiffs' complaint; their answer included twelve affirmative defenses and a counterclaim against Barkhordar and Neuman for their alleged breach of CPP's covenants, conditions, and restrictions ("CC&Rs"). Dkt. 18 ("Answer").

On September 9, 2016, Barkhordar filed a motion to strike defendants' counterclaim against her. Dkt. 21. Defendants filed their opposition on September 26, 2016, dkt. 43, and Barkhordar filed their reply on October 3, 2016, dkt. 56.

Also on September 9, 2016, plaintiffs filed a motion to strike six of defendants' affirmative defenses. Dkt. 29. Defendants filed their opposition on September 26, 2016, dkt. 42, and plaintiffs filed her reply on October 3, 2016, dkt. 55.

On September 15, 2016, plaintiffs filed a motion for a preliminary injunction against CPP. Dkt. 37. CPP filed its opposition on September 26, 2016, dkt. 41, and plaintiffs filed their reply on October 3, 2016, dkt. 54.

Defendants allege in each of their oppositions that plaintiffs have misled the court and, as a result, request that the Court sanction plaintiffs pursuant to Federal Rule of Civil Procedure 11 and award defendants their attorneys' fees. Dkt. 41 at 10; dkt. 42 at 10; dkt 43 at 16–17. Barkhordar requests that the Court award attorneys' fees to reimburse her for the time spent moving to strike defendants' counterclaim. Dkt. 21 at 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

On October 3, 2015, Barkhordar filed an objection to defendants' various declarations and evidence. Dkt. 57. Because the Court did not rely on the evidence to which Barkhordar objects, the Court does not address her objections at this time, and denies them without prejudice as moot.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II. BACKGROUND**

Plaintiffs are joint owners of a condominium unit at CPP. Compl. ¶ 6-7. Plaintiffs are married and have two minor children. Id. Plaintiffs allege that defendants have engaged in and continue to exhibit discriminatory behavior towards plaintiffs and their two children. First, plaintiffs allege that defendants have posted discriminatory signage throughout CPP's premises, which restricts or prohibits the activities and behaviors of children. Id. ¶ 18. Second, plaintiffs assert that "CPP's Rules and Regulations . . . specifically target families with minor children and limit or prohibit their full and equal use of the development." Id. ¶ 19. Third, plaintiffs allege that they continue to be harassed by defendants' employees, agents, and staff.

In particular, plaintiffs assert that Neuman has repeatedly contacted defendants' management to complain about the alleged noise caused by plaintiffs' children. Although plaintiffs state that they received "write ups" and verbal warnings following Neuman's complaints, they claim that defendants failed to similarly reprimand Neuman when plaintiffs notified them of her disruptive actions. Id. ¶ 23. Plaintiffs allege that, among other things, Neuman has yelled obscenities out of her window at plaintiffs' children while they are playing and, on one occasion, threw a stack of legal papers at plaintiffs' son. Id. ¶¶ 17, 44. Despite Neuman's alleged physical and verbal aggression, plaintiffs contend that defendants have not taken any mitigating steps. Plaintiffs state that instead, defendants helped distribute a discriminatory letter prepared by Neuman to all of CPP's residents. The letter allegedly contained a "four-page rambling diatribe" accusing plaintiffs and their children of engaging in nuisance-like behavior. Id. ¶ 47. Plaintiffs further state that defendants have not only failed to take reasonable steps to protect plaintiffs from harassment and discrimination, but have also emboldened residents,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

management, and security guards to take discriminatory actions against families with children. Dkt. 14 at 3.

### III. MOTION TO STRIKE DEFENDANTS' COUNTERCLAIM

#### A. Legal Standard

Barkhordar seeks to strike defendants' counterclaim pursuant to California's Anti-Strategic Lawsuit Against Public Participation (Anti-SLAPP) statute, Cal. Code Civ. Proc. § 425.16.

"The Legislature enacted section 425.16 to prevent and deter lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. Because these meritless lawsuits seek to deplete the defendant's energy and drain his or her resources, the Legislature sought to prevent SLAPPs by ending them early and without great cost to the SLAPP target." Soukup v. Law Offices of Herbert Hafif, 139 P.3d 30, 42 (Cal. 2006); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003) (noting that the purpose of the anti-SLAPP statute is "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation."). This statute allows a court to strike any state claim arising from a defendant's exercise of constitutionally protected rights of free speech or petition for redress or grievances. Flatley v. Mauro, 139 P.3d 2, 9 (2006); Cal. Code. Civ. Proc. § 426.16(b) (1). The anti-SLAPP statute is to be construed broadly. Cal. Code Civ. Proc. § 426.16(a); Verizon Del., Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004).

Because California's anti-SLAPP statute is a creature of state law, the anti-SLAPP statute is not applicable to federal claims. See Hilton v. Hallmark Cards, 599 F.3d 894, 901 (9th Cir. 2010) ("a federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims"); Bulletin Displays, LLC v. Regency Outdoor Advert., Inc., 448 F. Supp. 2d 1172, 1182 (C.D. Cal. 2006) ("While the anti-SLAPP statute furthers important, substantive state interests, California has no interest in dictating rules of procedure or substance applicable to federal claims brought in federal court. Consequently, the Court finds that the anti-SLAPP statute is inapplicable to Bulletin's RICO and Clayton Act claims." (citation and quotation marks omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'

| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
|---|---|---|---|
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

Section 425.16(b)(1) establishes a two-step process for evaluating an anti-SLAPP motion. The threshold question is whether the SLAPP plaintiff's claims arise from the defendant's acts in furtherance of free speech. Four Navy SEALs v. Associated Press, 413 F. Supp. 2d 1136, 1149 (S.D. Cal. 2005). The statute defines "action in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" as including the following:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e). The defendant in the SLAPP bears the burden of showing that its acts were taken in furtherance of its constitutional rights of petition or free speech. Kajima Eng'g & Const., Inc. v. City of Los Angeles, 95 Cal. App. 4th 921, 928 (2002). If the SLAPP defendant fails to show that the "lawsuit involves a matter of public concern, California's anti-SLAPP provisions are inapplicable on their face." Sarver v. Chartier, 813 F.3d 891, 901 (9th Cir. 2016).

After the SLAPP defendant has determined that an act in furtherance of protected expression is being challenged, the court moves on to the second step in the analysis. The second step requires the SLAPP plaintiff to "show a 'reasonable probability' of prevailing in its claims for those claims to survive dismissal." Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 840 (9th Cir. 2001).

> To do this, the plaintiff must demonstrate that "the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." This burden is "much like that used in determining a motion for nonsuit or directed verdict," which mandates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

dismissal when "no reasonable jury" could find for the plaintiff. Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or "when no evidence of sufficient substantiality exists to support a judgment for the plaintiff."

Id. (citations omitted). "The plaintiff's showing of facts must consist of evidence that would be admissible at trial." Hall v. Time Warner, Inc., 153 Cal. App. 4th 1337, 1346 (2007).

    B.    Discussion

Defendants raise a counterclaim against Barkhordar and Neuman for breaching CCP's CC&Rs. Answer at 1, 22. Defendants allege that Barkhordar and Neuman "by their behavior alleged [in the counterclaim] and within the Complaint, are causing a nuisance to each other and other residents at the Association which has resulted in numerous calls being made by each to security, who is required to respond." Id. at 21. In particular, defendants contend that plaintiff and Neuman are engaged in a feud, resulting in numerous complaints to CPP's management and security personnel about the noise and actions of one another. Id. 19–20. Defendants aver that this conduct violates Article VI, Section 6 of the CC&Rs, which provides:

> No obnoxious or offensive activity shall be carried on in or upon any Condominium or any part of the Property, nor shall anything be done thereon which may be or may become an annoyance or nuisance to the neighborhood or which may in any way interfere with the quiet enjoyment of each of the Owners of his respective Condominium, or which shall in any way increase the premium rate of insurance.

Id. Defendants also allege that Barkhordar and Neuman's conduct violates the impact sound ratings and/or acoustical privacy under Article VI Section 3 (j) and (k) of the CC&Rs. Id. The covenants and restrictions set out in CPP's CC&Rs are enforceable pursuant to California Civil Code § 5975(a).

Barkhordar seeks to strike defendants' counterclaim pursuant to California's anti-SLAPP statute. Barkhordar asserts that defendants filed their counterclaim against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

her because plaintiffs filed an action against defendants. Dkt. 21 at 7. Barkhordar also contends that defendants filed their counterclaim because plaintiffs repeatedly contacted CPP personnel. Id. at 8–9. Barkhordar avers that when she complained to CPP about Neuman's behavior, she stated that Neuman's behavior was emboldened by CPP's discriminatory policies and practices. Dkt. 55 at 3.[1]

While filing a lawsuit is an exercise of the constitutional right to petition, Barkhordar fails to provide any facts in support of her assertion that defendants filed a counterclaim *because* plaintiffs filed their suit against defendants. This error is "fatal" to Barkhordar's motion. See Kajima, 95 Cal. App. 4th at 929. Furthermore, the Court finds that defendants' counterclaim is not based on plaintiffs' complaints to CPP that relate to CPP's allegedly discriminatory policies; rather, defendants' counterclaim is predicated on plaintiffs' repeated complaints to CPP's management and security about Neuman's noise and actions. See Answer at 20. Defendants at no point allege that they have filed their counterclaim on the basis of plaintiffs' complaints with respect to defendants' policies.

Even if defendants had filed their counterclaim because Barkhordar petitioned defendants with respect to CPP's allegedly discriminatory rules, Barkhordar would not be entitled to relief because her complaints to CPP do not constitute speech regarding a public issue. There are "three categories of public issues" under California's anti-SLAPP law: "(1) statements concern[ing] a person or entity in the public eye; (2) conduct that could directly affect a large number of people beyond the direct participants; (3) or a topic of widespread, public interest." Sarver, 813 F.3d at 901 (quotation marks omitted). Because Barkhordar's complaints to CPP are relevant to a limited number of persons—at most, residents of CPP who have children[2]—the Court finds that plaintiff's complaints regarding CPP's rules do not constitute a "public issue" under the meaning of the anti-SLAPP law. Weinberg v. Feisel, 110 Cal. App. 4th 1122, 1132 (2003) ("[A] matter of

---

[1] The Court considers Barkhordar's anti-SLAPP motion only in connection with her state law claims.

[2] Defendants estimate that there are approximately 50 children now living at CPP's property. See dkt. 43 at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

concern to the speaker and a relatively small, specific audience is not a matter of public interest.").

Accordingly, the Court concludes that Barkhordar has not made the threshold showing that defendants filed their counterclaim because she engaged in protected activity. Because Barkhordar has failed to satisfy her burden, the Court denies Barkhordar's anti-SLAPP motion to strike defendants' counterclaim. In addition, the Court denies Barkhordar's request for attorneys' fees.

**IV.    MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

    **A.    Legal Standards**

A motion to strike material from a pleading is made pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1382, at 706–07 (1990)), rev'd on other grounds, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. The Court may also strike under Rule 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, 984 F.2d at 1527. A motion to strike is a matter of the district court's discretion. Griffin v. Gomez, No. C 98-21038-JW-NJV, 2010 WL 4704448, at *4 (N.D. Cal. Nov. 12, 2010). A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
|---|---|---|---|
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

     Federal Rule of Civil Procedure 8 requires a party to "state in short and plain terms its defenses to each claim asserted against it," and "affirmatively state" any affirmative defense. Fed. R. Civ. P. 8(b), (c)(1). An affirmative defense is sufficiently pled under this standard if "it gives plaintiff fair notice of the defense." Simmons v. Navajo Cnty., 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir.1979) (per curiam)). "If a court strikes an affirmative defense, leave to amend should be freely granted, provided there is no prejudice to the moving party." Kohler v. Bed Bath & Beyond of California, LLC, No. 2:11-cv-4451-RSWL-SP, 2012 WL 424377, at *1 (C.D. Cal. Feb. 8, 2012).

    **B.**     **Discussion**

     Plaintiffs seek to strike six of defendants' affirmative defenses – defenses 1, 3, 7, 10, 11, and 12. Dkt. 29 at 4–5. In the challenged affirmative defenses, defendants assert the following:

    1.     Plaintiffs' Complaint is barred by the applicable statutes of limitations.

    3.     The Complaint fails to state a claim upon which relief may be granted, based upon any theory, against Defendants, and each of them.

    7.     Defendant is informed and believes and on such information and belief alleges, that Plaintiffs claims are barred pursuant to the provisions of the Covenants, Conditions and Restrictions of Century Park Place Condominium Association.

    10.     As a separate affirmative defense, Defendants allege the asserted claims are barred because Plaintiffs failed to join one or more indispensible parties to the action as required by Federal Rules Of Civil Procedure 19 and/or 20.

    11.     As a separate affirmative defense, Defendants allege the asserted claims are barred because Plaintiffs by their conduct have unclean hands.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

> 12. Defendant is informed and believes and on such information and belief alleges, that Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves herein the right to assert additional defenses in the event that the discovery indicates that they would be appropriate.

Answer at 14–16.

Having reviewed the parties' submissions, the Court finds that defendants' answer provides plaintiff with fair notice of the grounds for defenses 1, 3, 7, 10, and 11. Those defenses "while boilerplate, are standard affirmative defenses, appropriate at the outset of the case." Baroness Small Estates, Inc. v. BJ's Restaurants, Inc., No. 8:11-cv-00468-JST-E, 2011 WL 3438873, at *6 (C.D. Cal. Aug. 5, 2011) (quoting Vistan Corp. v. Fadei USA, Inc., No. 3:10-cv-4862-JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011). Therefore, the Court **DENIES** plaintiffs' motion to strike affirmative defenses 1, 3, 7, 10, and 11.

Defendants acknowledge that their twelfth affirmative defense is more appropriately considered a reservation of rights to add additional affirmative defenses if discovery results in the disclosure of additional facts. Dkt. 42 at 10. The Court therefore treats defendants' twelfth affirmative defense as a reservation of rights and declines to strike it at this time.

## V. MOTION FOR A PRELIMINARY INJUNCTION AGAINST CPP

### A. Legal Standard

A "preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689–90 (2008). Thus, a district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008). Such a showing requires that the plaintiff establish he or she "is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

equities tips in his favor, and that an injunction is in the public interest." Id. at 20; see Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009); see also Johnson v. Couturier, 572 F.3d 1067, 1081 (9th Cir. 2009); American Trucking Associations, 559 F.3d 1046, 1052 (9th Cir. 2009).

Following Winter, the Ninth Circuit articulated an alternate formulation of the sliding scale test. Post-Winter, serious questions going to the merits and a balance of hardships that tips sharply in favor of the plaintiff can support issuance of a preliminary injunction if plaintiff also shows that there is a likelihood of irreparable injury and the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) ("To the extent prior cases applying the 'serious questions' test have held that a preliminary injunction may issue where the plaintiff shows only that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor, without satisfying the other two prongs, they are superseded by Winter, which requires the plaintiff to make a showing on all four prongs. But the 'serious questions' approach survives Winter when applied as part of the four-element Winter test. That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." (citation omitted)). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir.1984)

B. Discussion

In their motion for a preliminary injunction, plaintiffs request that the Court order CPP to, inter alia: discontinue enforcing its allegedly discriminatory rules; retract all discriminatory rules and regulations; remove discriminatory signage, notify CPP residents that the discriminatory rules violate the FHA, FEHA, and Unruh Act; participate in a fair housing training. Dkt. 37 at 18–19.

In assessing plaintiffs' motion, the Court first considers whether plaintiffs are likely to succeed on the merits of their claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
|---|---|---|---|
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

Plaintiffs allege that CPP posted signs throughout the premises that restrict or prohibit the activities and behaviors of children and discriminate against families with minor children and limit or prohibit their full and equal use of the premises. Specifically, plaintiffs point to signs and/or rules that: prohibit access to the gym for children under the age of seven; require adult supervision in the gym for children between the ages of 7 and 14; prohibit playing in any part of the common area;[3] prohibit the use of bicycles, roller skates, roller blade, skateboards, and scooters on the property; require adult supervision for children under 14 years of age to use the pool or spa; require children in diapers to wear rubber pants and a bathing suit; prohibit beach balls, rafts, and toys in the pool and spa areas; prohibit pool parties. Id. at 4–5.

Plaintiffs also aver that they received discriminatory communications from CPP personnel that contained: a CPP manager's decision that Barkhordar could host her proposed "Mommy and Me" group if the event was open only to CPP residents and the participants waived claims against CPP for any accidents or injuries; a reminder that children should not play in the building lobby, lounge, and office lobby; restatements of the rules posted on signs on the premises; an explanation for why CPP enforces as to children its rule against playing in common spaces, which contain glass topped tables and hard edges, but permits elderly residents to play cards; the distribution of a letter written by Neuman (the contents of which are disputed); a letter from defendants' attorney stating that Barkhordar's explanation for noise—that her kids were playing—was not a good excuse; and notices of violations of posted rules. Id. at 5–10.

---

[3] At oral argument, plaintiff's counsel stated that the only rule plaintiffs seek to enjoin is CPP's "play rule," or Rule 7.2. Rule 7.2 provides:

> Play Areas: Each owner is responsible for the behavior of anyone residing in, or visiting, their unit. No one is permitted to play in any part of the Common Area, such as: halls, landings, storage areas, corridors, driveways, roofs, lobbies, ramps, streets, elevators, parking areas, stairways, garage gates, planted areas, trees, and lounge. This rule is not child specific.

Dkt. 41 at 6; see also dkt. 37 at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

On the basis of these allegations, plaintiffs contend that CPP's policies were facially discriminatory against families with children and that defendants enforced facially neutral rules in a discriminatory manner. Id. at 12–15.

Plaintiffs point to cases that purportedly dealt with similar facts and housing association rules to show that CPP's signs are discriminatory. However, plaintiffs inaccurately characterize the rules at issue or the outcomes in the cases that they cite. For example, in Iniestra v. Cliff Warren Investments, Inc., 886 F. Supp. 2d 1161 (C.D. Cal. 2012), the housing association required anyone under the age of 18 to have adult supervision when entering the pool and required children to be supervised by an adult at all times and in all areas. Id. at 1167–68. The Iniestra court concluded that the pool rule was unreasonable and the supervision rule was not the least restrictive means to address the housing association's concerns. Id. at 1168. By contrast, CPP requires adult supervision at the pool only for children under 14 years of age and CPP does not have a comparable general supervision rule. In Fair Housing Congress v. Weber, 993 F. Supp. 1286 (C.D. Cal. 1997), the court concluded that the first part of a sign was discriminatory; the first part of the sign read: "Children will not be allowed to play or run around inside the building area at any time because of disturbance to other tenants or damage to building property." Id. at 1290, 1292. Plaintiffs do not allege the CPP had an analogous policy. Notably, the Weber court concluded that the second portion of the sign was *not* discriminatory because the rule covered equipment used by children and adults and because plaintiff did not demonstrate a less restrictive means for achieving the housing association's goal. Id. at 1292–93. The second portion of the sign in Weber read: "Bikes, carriages, strollers, tricycles, wagons, etc. must be kept inside apartments or in garage area and not left outside." Id. at 1290. This second portion is similar to CPP's rule as to bicycles and other equipment, which does not differentiate between the equipment of adult and children: "Bicycle riding, Roller Skating, Roller Blading, Skateboarding and Scooters: It is prohibited to ride these vehicles anywhere in or on the property." Dkt. 37 at 4. In Bischoff v. Brittain, No. 2:14-cv-01970-KJM-CKD, 2016 WL 1734779 (E.D. Cal. May 2, 2016), the court addressed a housing association's policies for staff conduct upon encountering unsupervised young children—an issue that is not present in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

The facts of other cited cases are also not comparable to the facts in the present case. See United States v. Plaza Mobile Estates, 273 F. Supp. 2d 1084, 1087–88 (C.D. Cal. 2003) (housing association rules included, inter alia: a prohibition on children entering the recreation facility without an adult with whom they reside; a limitation on children's access to the pool for only two (and later, four) hours per day; a prohibition on bicycle riding without adult supervision; a prohibition on children walking around without adult supervision); Llanos v. Estate of Coehlo, 24 F. Supp. 2d 1052, 1060 (E.D. Cal. 1998) (rules confine children to a designated family section); Landesman v. Keys Condo. Owners Ass'n, No. C-04-2685-PJH, 2004 WL 2370638, at *4 & n.4 (N.D. Cal. Oct. 19, 2004), aff'd, 125 F. App'x 146 (9th Cir. 2005) (finding a rule limiting children's access to a pool during summer months discriminatory, but noting that "[t]he Keys Association is well within its rights to require that children under the age of 14 be accompanied by an adult when using any one of the three pools."); Cmty. House, Inc. v. City of Boise, 468 F.3d 1118, 1121 (9th Cir. 2006) (homeless shelter removed all women and families to convert the premises to a men only shelter); Marina Point, Ltd. v. Wolfson, 640 P.2d 115 (Cal. 1982) (landlord refused to rent apartments to new families with children or pregnant women).

In contrast to the cases that plaintiffs cite, CPP's allegedly discriminatory rules do not confine children or families into certain areas or restrict access to facilities on the basis of residents' familial status.[4] While CPP's gym and pool rules identify children as presenting special concerns, they do so for reasons of safety. For example, CPP alleges that children under the age of seven are not permitted in the gym "for safety reasons." Dkt. 41 at 8. Plaintiffs fail to demonstrate that this is the least restrictive means for satisfying CPP's safety goal and do not allege or establish that defendants' rationale is pretextual. See Landesman, 2004 WL 2370638, at *6 (where a housing association argued that its rule prohibiting children under 16 from entering the gym unless

---

[4] At oral argument, plaintiffs' counsel characterized CPP's "play rule" as prohibiting children from being anywhere on CPP's property other than inside a condominium. Defendant's counsel disputed that construction, noting that the "play rule" is not child specific. The Court agrees that CPP's "play rule" is not specific to children and, furthermore, understands the rule to impose limitations where there appears to be a risk of injury to residents or their guests.

Case 2:16-cv-03071-CAS-E Document 70 Filed 10/17/16 Page 15 of 16 Page ID #:783

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

accompanied by an adult and from using gym equipment was necessary to prevent the injury of children, the court concluded that "[t]he Keys Association has articulated a legitimate basis for prohibiting children under 16 from using the gym equipment, and plaintiffs have not provided any evidence that this articulated reason is pretextual."). CPP's pool rule does not bar children from the pool at certain times, and does not apply to children over the age of 14. Instead, the pool rule is in compliance with California Code of Regulations § 65539(c), which requires a sign stating "Children Under the Age of 14 Should Not Use Pool Without An Adult In Attendance." The Court therefore finds that it is unlikely to conclude that defendants' rules are discriminatory. The Court also finds that it is unlikely to conclude that CPP's communications to plaintiffs were discriminatory.

Accordingly, plaintiffs have failed to make a prima facie case that they are likely to succeed on the merits and therefore fail to satisfy the <u>Winter</u> test. The Court therefore **DENIES** plaintiff's motion for a preliminary injunction.

## VI. DEFENDANTS' REQUESTS FOR RULE 11 SANCTIONS

### A. Standard

Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. <u>Simpson v. Lear Astronics Corp.</u>, 77 F.3d 1170, 1177 (9th Cir. 1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:" (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b). Rule 11 imposes on attorneys an "objective standard of reasonableness under the circumstances." <u>Golden Eagle Dist. Corp. v. Burroughs Corp.</u>, 801 F.2d 1531, 1537 (9th Cir.1986) (internal quotation marks omitted). However, Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." <u>Greenberg v. Sala</u>, 822 F.2d 882, 887 (9th Cir.1987) (quoting Fed. R. Civ. P. 11 advisory committee's note).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03071-CAS(Ex) | Date | October 17, 2016 |
| Title | GENTILLE BARKHORDAR ET AL. v. CENTURY PARK PLACE CONDOMINIUM ASSOCIATION ET AL. | | |

The imposition of sanctions is a matter within the discretion of the court. Fed. R. Civ. P. 11(c). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation." Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).

### B.  Discussion

Defendants argue that they are entitled to attorneys' fees on the basis of plaintiffs' motion to strike defendants' affirmative defenses because plaintiffs fail to support their argument, twist facts, omit pertinent information, and mislead the court. Dkt. 41 at 10. Defendants contend that they are entitled to attorneys' fees on the basis of Barkhordar's motion to strike defendants' counterclaim for the same reasons. Dkt. 43 at 17. Defendants argue that they are entitled to attorneys' fees on the basis of plaintiffs' motion for a preliminary injunction, but do not provide a specific reason. Dkt. 42 at 10. Plaintiff does not expressly oppose defendants' request for sanctions.

Although the Court denies plaintiffs' instant motions, the Court is not convinced that plaintiffs' motions were so clearly improper or unreasonable so as to justify an award of sanctions. The Court therefore **DENIES** defendants' request for attorneys' fees.

## VII.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** Barkhordar's motion to strike defendants' counterclaim against her. The Court **DENIES** plaintiffs' motion to strike defendants' affirmative defenses. The Court **DENIES** plaintiffs' motion for a preliminary injunction. The Court **DENIES** the parties' requests for attorneys' fees.

IT IS SO ORDERED

| | 00 | : | 20 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |